UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>CHRISTOPHER LEE SJODIN,<br>    Defendant. | NO. CR-09-080-LRS<br><br>**ORDER GRANTING<br>MOTION TO DISMISS** |

Pursuant to Fed. R. Crim. P. 48(a), the Government has filed a "Motion For Order Granting Leave of Court to Dismiss Indictment Without Prejudice" (Ct. Rec. 34).[1] The Government states that "further investigation is needed in the case."

The Defendant does not object to dismissal, but asks the court to order the Government to preserve all evidence related to its discovery obligations under Fed. R. Crim. P. 16, and evidence that was specifically requested by Defendant in a July 26, 2009 discovery request letter, but not provided prior to the Government filing its motion to dismiss. Defendant anticipates, and not unreasonably so, that there is a likelihood the same charge will be re-filed against him at a later date.

Defendant's request appears to be reasonable with regard to those items that are in possession or control of the federal government. With or without an order of the court, the Government has an obligation to preserve any evidence that could

---

[1] The Government's "Motion To Expedite Hearing" (Ct. Rec. 35) is **GRANTED**.

**ORDER GRANTING MOTION TO DISMISS - 1**

exculpate the Defendant should the charge be re-filed.  The Government seemingly recognizes as much, stating it "will preserve, without further order of the court, records and reports in its possession pertaining to the stop and search of the Defendant's vehicle on May 22, 2009."  Items in possession or control of the government which were requested by the Defendant's discovery request letter should be preserved so, if necessary, this court can rule on whether they are discoverable in any future proceedings arising from a re-filing of the charge.  Obviously, if those items are not preserved in the interim, whether the items are discoverable becomes a moot point.

Within thirty (30) days of this order of dismissal, the Government may destroy the marijuana which it currently has in its possession.  Counsel for Defendant may make arrangements to view the marijuana within that time period.

The Government is not obligated to preserve any items that are not in its possession or control, including "personnel" files of state law enforcement officials.

Otherwise, pending further order of the court, the Government will preserve all other materials in its possession or control which relate to the captioned matter.

Plaintiff's "Motion For Order Granting Leave of Court to Dismiss Indictment Without Prejudice" (Ct. Rec. 34) is **GRANTED**.  The Indictment is **DISMISSED without prejudice**.  The Government is **DIRECTED** to preserve all other materials in its possession or control which relate to the captioned matter.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and provide copies to counsel.  The file shall be closed.

**DATED** this ___12th___ day of August, 2009.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Chief United States District Judge

**ORDER GRANTING MOTION TO DISMISS - 2**